# EXHIBIT 1
# 02-CV-299

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. HICKS,<br><br>    Petitioner,<br><br> -against-<br><br>GEORGE W. BUSH, et al.,<br><br>    Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Act. No. 1:02-cv-00299-CKK <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF MAJOR MICHAEL D. MORI

1.  I am Major Michael Dante Mori. The following is true and correct to the best of my knowledge. I have personal knowledge of matters stated herein and, if called upon to testify, could competently testify thereto.

2.  I am presently on active duty with the United States Marine Corps. Since September 1, 2003, I have been serving in the Office of the Chief Defense counsel for Military Commissions.

3.  On February 8, 2002, Mr. Stephen Kenny, an Australian attorney, wrote to President Bush seeking legal counsel access to Mr. Hicks. A true and correct copy of Mr. Kenny's February 8, 2002 letter is attached hereto as Exhibit A.

4.  On June 4, 2003, Mr. Stephen Kenny wrote to the U.S. Ambassador to Australia, Mr. Tom Scheiffer, expressing concern that Mr. Hicks has been held for 18 months with out being charged. A true and correct copy of Mr. Kenney's June 4, 2003 letter is attached hereto as Exhibit B.

5.  On July 8, 2003, The Chief Prosecutor (Acting) for the Office of Military Commission sent a target letter to the Chief Defense Counsel (Acting) for the Office of the Military Commission seeking assignment of counsel to Mr. David Hicks. A true and correct copy of the Chief Prosecutor's July 8, 2003 letter is attached hereto C.

6.  In the first part of July 2003, I was contacted by the Chief Defense Counsel and asked to come to the Pentagon to be assigned to represent Mr. Hicks. I traveled from Oahu, Hawaii, where I was stationed at the time, to the Office of the Chief Defense Counsel for Military Commissions located in the Pentagon.

7. On July 14, 2003, the Chief Defense Counsel was prepared to detail me to represent Mr. Hicks. I was told that an Australian delegation was going to arrive soon to discuss the use of military commissions for its citizens. I arrived at the office at approximately 8:00 a.m. and was told by the Chief Defense Counsel that he was going to sign the detailing letter in 30 minutes. A true and correct copy of the July 14, 2003 Detailing Letter of Major Mori to Mr. Hicks is attached hereto as Exhibit D. Within 20 minutes, the General Counsel's office for the Secretary of Defense contacted the Chief Defense Counsel and stopped the detailing of counsel to Mr. Hicks.

8. On July 23, 2003, the Department Of Defense (the "DOD") issued a press release entitled, "DOD Statement on Australian Detainee Meetings." (*See* www.defenselink.mil/releases/2003/nr20030723-0220.html).

9. On November 25, 2003, the DOD issued a press release entitled, "U.S. and Australia Announce Agreements on Guantanamo Detainees" (*See* www.defenselink.mil/releases/2003/nr20031125-0702.html ).

10. On November 28, 2003, I was detailed to represent Mr. Hicks. A true and correct copy of the November 28, 2003 Detailing Letter of Major Mori to Mr. Hicks is attached hereto as Exhibit E.

11. On July 9, 2003, Mr. Hicks was transferred to pre-commission confinement at Camp Echo. After his transfer, prior to being detailed counsel, interrogations of Mr. Hicks continued.

12. As of August 2, 2004, 156 detainees have been transferred out of Guantanamo Bay. Information the government used im determining that Mr. Hicks should be charged before a military commission was provided by one of the released detainees.

13. Currently, an initial session of the military commission set to try Mr. Hicks is scheduled for August 25, 2004. It is anticipated the assembly of the commission, *voir dire* of the commission members and scheduling will occur on this date.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2004.

*[signature]*

Major Michael Dante Mori
U.S. Marine Corps

# EXHIBIT A

Our Ref:   120542/SK
Please reply to **Adelaide** office

8 February 2002



Mr George W Bush
The President
United States of America
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500
USA

**CAMATTA LEMPENS**
P T Y    L T D
ABN 34 008 140 332
BARRISTERS AND SOLICITORS

Directors
FRANCO CAMATTA LLB (Hons)
   LLM (Companies & Securities))
ROBERT LEMPENS LLB Dip Corp M
DYMPHNA J. ESZENYI BA LLB
STEPHEN J. KENNY LLB

Associates
JANE EKIN-SMYTH LLB GDLP
ANDREW BARBER LLB BSc (Jur)

First Floor,
345 King William Street
Adelaide S.A. 5000
Telephone:   (08) 8410 0211
Facsimile:   (08) 8410 0566

391 Torrens Road
Kilkenny, S.A. 5009
Telephone:   (08) 8268 9266
Facsimile:   (08) 8268 2142

DX 339 Adelaide

Dear Sir

**Detention of Australian Citizen David Matthew Hicks**

We refer to our letter of 25 February 2002.

We confirm that we act for Terry Hicks and have been requested by our client to act for and on behalf of his son David Hicks. As you are aware David is currently being detained, apparently under your authority, at Guantanamo Bay in Cuba.

We note that in this morning's press, there were reports that members of the Taliban would be granted Prisoner of War status.

We enquire as follows:

1. Will David Hicks be afforded the Prisoner of War status and have the Geneva Convention rights applied to him?

2. If he is not so classified, could you please confirm the basis on which he is being detained, in accordance with our previous request?

3. Has David Hicks been advised of his legal rights?

4. Will you allow access by legal counsel to David Hicks?

To date, Mr Terry Hicks has only been able to receive one short note from his son via the Red Cross. He is most anxious to be able to speak to his son and we would be grateful if you would allow direct contact between David and his father. Mr Hicks would be willing to travel to Cuba to visit his son and we would be grateful if you could assist in making arrangements for such a visit.

02-CV-299

2

In the meantime, we enquire whether Mr Terry Hicks may speak to his son on the telephone.

Mr Hicks is extremely concerned about his son's mental welfare and particularly notes the press reports as to his son's agitation in Cuba. Mr Hicks is of the opinion that if he were able to speak to his son, he may be able to reassure his son of the support of his family and he believes that this will assist in easing David's anxiety and lessen the risk of any potential incident involving David.

We advise that Mr Terry Hicks has no involvement with al Quaeda or any associated organisation and does not in any way support those organisations.

As you will appreciate, this is a matter great concern to the Hicks family and a prompt response would be appreciated.

We thank you in anticipation.

Yours faithfully
**CAMATTA LEMPENS PTY LTD**

STEPHEN KENNY
email: kenny@camattalempens.com.au

cc.   Mr Donald Rumsfeld, Secretary of Defence
      Mr John Ashcroft, Attorney General of the United States
      The Hon. Daryl Williams AM QC MP, Attorney General of Australia

# **EXHIBIT B**

Our Ref:   140542/SK/al



4 June 2003

Mr Tom Scheiffer
US Ambassador to Australia
MLC Centre
Level 59
19/29 Martin Place
SYDNEY  NSW  2000

Dear Sir

**DAVID HICKS**

As you are no doubt aware we act for David Hicks who is currently being imprisoned by the American Military at Guantanamo Bay, Cuba.

We note that on 3 May 2003 it was reported in the Daily Telegraph in Sydney that you believed that lawyers would soon be granted access to Mr Hicks.

You are quoted as saying that access would be granted "*in fairly short order*".

Unfortunately to date Mr Hicks has not been granted access to a lawyer despite his clear request to Australian and American Officials and our own request.

We now write to you, to request your advice as to when we would be entitled to speak to Mr Hicks.

Further we request that you advise whether or not the Australian Government have made any request for diplomatic access to Mr Hicks and if they have, could you please advise the response that you have made.

As you are no doubt aware, Mr Hicks has now been detained in a cage in Guantanamo Bay in excess of 18 months in which time no charge has been laid against him.

Could you please advise when he is likely to face any charge and if so what charge.

We await your reply.

Yours faithfully
**CAMATTA LEMPENS PTY LTD**


STEPHEN KENNY
*kenny@camattalempens.com.au*
cc:      Mr Terry Hicks

# EXHIBIT C

 

**DEPARTMENT OF DEFENSE**
**OFFICE OF GENERAL COUNSEL**
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

July 8, 2003

MEMORANDUM FOR ACTING CHIEF DEFENSE COUNSEL

SUBJECT: Target Letter re Military Commission Investigation of Mr. David Hicks

On July 3, 2003, the President determined that Mr. David Hicks is subject to the Military Order of November 13, 2001. As a result, pursuant to Section 4(a) of the President's Military Order, Mr. Hicks "shall, when tried, be tried by military commission for any and all offenses triable by military commission that [he] is alleged to have committed, and may be punished in accordance with the penalties provided under applicable law, including life imprisonment or death."

The Office of the Chief Prosecutor is considering whether to prepare charges against Mr. Hicks and present them to the Appointing Authority for approval and referral in accordance with Section 4(B)(2) of Military Commission Order No. 1, dated March 21, 2002. The charges currently under consideration include, but are not limited to: attacking civilians and civilian objects; terrorism and murder by an unprivileged belligerent; aiding the enemy; and conspiracy to commit the above mentioned offenses. Theories of liability in proving these offenses may include conspirator liability for the substantive offense, liability based upon being a member of an enterprise of persons who shared a common criminal purpose, aider and abettor liability, or some combination thereof.

Under my interpretation of Section 3(B)(8) of Military Commission Instruction No. 4, you are authorized to detail a military defense counsel to advise Mr. Hicks on how he might engage in pretrial discussions with a view toward resolving the allegations against him. My office will make the arrangements with the Commander, Joint Task Force Guantanamo, for such detailed military defense counsel to have access to Mr. Hicks. Such access shall continue so long as we are engaged in pretrial negotiations. Please advise me as soon as possible what arrangements, if any, you desire to facilitate this representation.

Attachment 1 to this memorandum is provided: 1) to assist Mr. Hicks' detailed defense counsel in evaluating the potential charges against him; and 2) to advise Mr. Hicks regarding his options.

The final decisions regarding charges against Mr. Hicks and the terms of any plea agreement that might be entered are within the sole discretion of the Appointing Authority. Nothing in this memorandum, or in any subsequent discussions between the Office of the Chief Prosecutor and the defense counsel detailed to represent Mr. Hicks



02-CV-299

JUL-11-2003 15:23   OFC OF MILITARY COMM   703 693 1114   P.01

pursuant to this memorandum, should be considered as binding on the Appointing Authority.

Please advise the Office of the Chief Prosecutor no later than 30 July 2003 whether or not Mr. Hicks is interested in discussing a plea agreement.

Major Kurt Brubaker is my point of contact for matters related to this memorandum.

Disclosure or other public release of the contents of this memorandum is prohibited by Military Commission Instruction No. 4, Section 3(B)(4) and Military Commission Instruction No. 5, Annex B, Section II(E)(1).

Frederic L. Borch
Colonel, U.S. Army
Chief Prosecutor (Acting)
Office of Military Commissions

Attachments:
1. David Hicks sworn statement, dated 21 March 2003

# EXHIBIT D

14 July 2003

MEMORANDUM DETAILING DEFENSE COUNSEL

TO: Major Michael D. Mori, USMC, 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
SUBJECT: Detailing Letter re Mr. David Hicks Military
Commission Proceedings

Pursuant to the authority granted to me by my appointment as Acting Chief Defense Counsel and Sections 4C and 5D of Military Order No. 1, dated March 21, 2002, you are hereby detailed as Military Counsel for all matters relating to Military Commission proceedings involving Mr. David Hicks. Your appointment exists until such time any findings and sentence become final as defined in Section 6(H)(2) unless you are removed from representing Mr. Hicks by me or my successor. I deem your detailing to be appropriate based on the government's assertion in enclosure (1) that on July 3, 2003, the President determined that Mr. Hicks is subject to the Military Order of November 13, 2001 and as such "shall when tried, be tried by military commission for any and all offenses triable by military commission that [he] is alleged to have committed, and may be punished in accordance with the penalties provided under applicable law, including life imprisonment or death."

In your representation of Mr. Hicks, you are directed to review and comply with Presidential Military Order of November 13, 2001, "Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism," (66 FR 57833); Military Commission Orders No. 1 and 2 and Military Commission Instructions 1 through 7 and all Supplementary Regulations and Instructions issued in accordance therewith. Specifically you are directed to ensure that your conduct and activities are consistent with the prescriptions and proscriptions specified in Section II of the Affidavit And Agreement By Civilian Defense Counsel at Appendix B to Military Instruction No. 5.

You are directed to inform Mr. Hicks of his rights before a Military Commission. In informing Mr. Hicks of his rights you should advise him that communications between yourself and Mr. Hicks are not protected under the Attorney-Client Privilege and may be subject to monitoring without notice. In the event that Mr. Hicks chooses to exercise his rights to Selected Military Counsel or his right to Civilian Defense Counsel at his own expense, you shall inform me as soon as possible.

In the event that you become aware of a conflict of interest arising from the representation of Mr. Hicks before a Military Commission you shall immediately inform me of the nature and facts concerning such conflict. You should be aware that in addition to your State Bar and Service Rules of Professional Conduct that by virtue of your appointment to the Office of Military Commissions you will be attached to the Defense Legal Services Agency and will be subject to professional supervision by Department of Defense General Counsel.

02-CV-299

You are directed to directed to inform me of all requirements for personnel, office space, equipment, and supplies necessary for preparation of the defense of Mr. Hicks.

                                                   Colonel Will A. Gunn, USAF
                                                   Chief Defense Counsel (Acting)
                                                   Office of Military Commissions

# **EXHIBIT E**




**DEPARTMENT OF DEFENSE**
**OFFICE OF GENERAL COUNSEL**
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

28 November 2003

MEMORANDUM DETAILING DEFENSE COUNSEL

TO: Major Michael D. Mori, USMC
SUBJECT: Detailing Letter re Military Commission Proceedings of Mr. David Hicks

Pursuant to the authority granted to me by my appointment as Acting Chief Defense Counsel and Sections 4C and 5D of Military Order No. 1, dated March 21, 2002, you are hereby detailed as Military Counsel <u>for all matters relating to Military Commission proceedings involving Mr. David Hicks</u>. Your appointment exists until such time any findings and sentence become final as defined in Section 6(H)(2) unless you are excused from representing Mr. Hicks by me or my successor. I deem your detailing to be appropriate based on the government's assertion in enclosure (1) that on July 3, 2003, the President determined that Mr. Hicks is subject to the Military Order of November 13, 2001 and as such "shall when tried, be tried by military commission for any and all offenses triable by military commission that [he] is alleged to have committed, and may be punished in accordance with the penalties provided under applicable law, including life imprisonment or death."

In your representation of Mr. Hicks, you are directed to review and comply with Presidential Military Order of November 13, 2001, "Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism," (66 FR 57833); Military Commission Orders No. 1 and 2 and Military Commission Instructions 1 through 8 and all Supplementary Regulations and Instructions issued in accordance therewith. Specifically, you are directed to ensure that your conduct and activities are consistent with the prescriptions and proscriptions specified in Section II of the Affidavit And Agreement By Civilian Defense Counsel at Appendix B to Military Instruction No. 5.

You are directed to inform Mr. Hicks of his rights before a Military Commission. In the event that Mr. Hicks chooses to exercise his rights to Selected Military Counsel or his right to Civilian Defense Counsel at his own expense, you shall inform me as soon as possible. Consistent with paragraph 3B(8) of Military Instruction No. 4, I am detailing Master Sergeant Susan LaHoste as a member of the defense team to assist you in representing Mr. Hicks.

In the event that you become aware of a conflict of interest arising from the representation of Mr. Hicks before a Military Commission, you shall immediately inform me of the nature and facts concerning such conflict. You should be aware that in addition to your State Bar and Service Rules of Professional Conduct that by virtue of your appointment to the Office of Military Commissions you will be attached to the Defense Legal Services Agency and will be subject to professional supervision by Department of Defense General Counsel.



02-CV-299

You are directed to inform me of all requirements for personnel, office space, equipment, and supplies necessary for preparation of the defense of Mr. Hicks.

*Will A. Gunn*

Colonel Will A. Gunn, USAF
Chief Defense Counsel (Acting)
Office of Military Commissions

Enclosure:
Target Letter re Mr. David Hicks dated November 28, 2003

cc:
MSgt LaHoste
Lt Col Brubaker
Col Borch
General Hemingway
Mr. Koffsky

02-CV-299