UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. HICKS,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br><br>    Respondents. | Civil Action No. 02-299 (CKK) |

**MEMORANDUM OPINION**
(March 23, 2007)

    Currently pending before the Court is Petitioner David M. Hicks' Motion to Enjoin Military Commission Proceedings ("Motion to Enjoin"). Petitioner asks this Court to enjoin Petitioner's arraignment by a military commission in Guantanamo Bay, Cuba – currently scheduled for March 26, 2007 – as well as all subsequent commission proceedings, until there is a determination by this Court on Petitioner's habeas challenges to the jurisdiction of and procedures of the military commissions. Acknowledging that the D.C. Circuit's recent decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), would bar his habeas claims, Petitioner asserts that the Supreme Court is likely to grant *certiorari* in that case and reverse the D.C. Circuit's decision. Petitioner therefore requests that this Court enjoin the military commission proceedings, at least until the Supreme Court decides whether to grant *certiorari* in *Boumediene*, in order to protect his asserted right to pre-trial review of those proceedings. Respondents oppose Petitioner's Motion to Enjoin. After careful consideration of Petitioner's Motion to Enjoin, Respondents' Opposition to Petitioner's Motion to Enjoin Military Commission

Proceedings, Petitioner's Reply in Support of Preliminary Injunction, the relevant statutes and case law, and the entire record herein, the Court concludes that it lacks jurisdiction to entertain Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and therefore is without authority to issue the injunction Petitioner seeks in his Motion to Enjoin. As such, the Court shall deny Petitioner's Motion to Enjoin.

### I: BACKGROUND

The Court expressly adopts and incorporates by reference herein all previous Orders and Opinions entered in this case. As the Court's previous Orders and Opinions include extensive discussion of the facts underlying this action, the Court will only set forth herein the facts relevant to the currently pending Motion to Enjoin.

Petitioner David M. Hicks, an Australian citizen, was captured in Afghanistan in late 2001 by the Northern Alliance, in the course of the campaign against the Taliban and Al Qaeda. *Hicks v. Bush*, 397 F. Supp. 2d 36, 38 (D.D.C. 2005). Petitioner was subsequently transferred to United States custody and transported to Guantanamo Bay in January 2002, where he has been detained until the present time. *Hicks*, 397 F. Supp. 2d at 38. Petitioner filed his initial petition for writ of habeas corpus with the Court on February 19, 2002, and amended that petition on March 18, 2002. *Id.* On July 3, 2003, Respondent President George W. Bush designated Petitioner as a person eligible for trial by military commission, and on June 10, 2004, Petitioner was publicly charged with three offenses to be tried by military commission: Conspiracy, Attempted Murder by an Unprivileged Belligerent, and Aiding the Enemy. *Id.* At an appearance before the military commission on August 25, 2004, Petitioner pleaded not guilty to all charges. *Id.* On September 22, 2004, Petitioner's Combatant Status Review Tribunal ("CSRT") was held,

in which Petitioner waived participation, and Petitioner was determined to be an enemy combatant. Respondents' Opp'n to Pet.'s Mot. to Enjoin Military Comm'n Proceedings (hereinafter "Resp'ts' Opp'n") at 5 (citing Resp'ts' Fact. Ret.).

On September 28, 2004, with leave of the Court, Petitioner filed his currently operative Second Amended Petition. *Hicks*, 397 F. Supp. 2d at 38.[1] On December 10, 2004, the Appointing Authority for Military Commissions stayed the military commission proceedings in Petitioner's case pending the D.C. Circuit's review of Judge James Robertson's ruling in *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152 (D.D.C. 2004), which invalidated the military commission proceedings at issue. *Hicks*, 397 F. Supp. 2d at 38-39. This Court then stayed motions then before the Court relating to the military commission hearings, "pending a ruling from the Circuit Court in *Hamdan*." *Hicks v. Bush*, Civil Action No. 02-299, Order (D.D.C. April 21, 2005). Following the D.C. Circuit's decision in *Hamdan*, 415 F.3d 33 (D.C. Cir. 2005), which reversed Judge Robertson's decision, this Court lifted its stay of Petitioner's challenges to the military commission proceedings, and the Appointing Authority reinitiated proceedings against Petitioner. *Hicks*, 397 F. Supp. 2d at 39.[2] An initial hearing in Petitioner's

---

[1] In his Second Amended Petition, Petitioner challenges the jurisdiction of the military commission designated to try him, the legality of the manner in which the commission is constituted, the validity of the charges against him, the legality of the procedures employed by the military commission, alleges that his trial before a military commission violates equal protection, and also asserts various claims relating to his classification, interrogation, and detention as an enemy combatant. *Hicks*, 397 F. Supp. 2d at 38 (citing 2d Am. Pet. ¶¶ 41-112).

[2] Prior to the D.C. Circuit's ruling in *Hamdan*, Judge Joyce Hens Green denied-in-part the government's motion to dismiss claims in this and other Guantanamo Bay detainee habeas cases relating to petitioners' detention as enemy combatants. *See In re Guantanamo Bay Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). Judge Green's decision was subsequently appealed on an interlocutory basis to the Court of Appeals, where it was consolidated with other Guantanamo Bay detainee habeas cases in *Boumediene*. *Boumediene*, 476 F.3d at 984.

military commission proceedings was thereafter scheduled for November 18, 2005 in Guantanamo Bay for the purpose of deciding pre-trial motions with a trial date to follow.  *Id.*

On November 7, 2005, the Supreme Court granted *certiorari* in *Hamdan*.  *Id.*  The next day, Petitioner filed in this Court a Motion to Stay Military Commission Proceedings, requesting that this Court "stay" military commission proceedings relating to Petitioner until after the Supreme Court had made a final decision in *Hamdan* and until after this Court had ruled on Petitioner's then-pending Motion for Partial Summary Judgment.  *Id.* at 40.  On November 14, 2005, the Court granted Petitioner's Motion to Stay, issuing an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), enjoining Respondents from going forward with any and all military commission proceedings, and staying proceedings in the case before this Court, "pending the issuance of a final and ultimate decision by the Supreme Court in" *Hamdan*.  *Hicks*, 397 F. Supp. 2d at 45.  In so doing, the Court recognized that "granting an injunction under the All Writs Act is normally considered an extraordinary remedy, [but that] the posture of this case and the importance of the issues involved call[ed] for this extraordinary measure to be imposed."  *Id.* at 41.  The Court acknowledged that the D.C. Circuit's decision in *Hamdan* "virtually eliminate[d] Petitioner's 'likelihood of success on the merits;'" however, the Court concluded that an injunction was nevertheless warranted because "the Supreme Court ha[d] already granted *certiorari* in [*Hamdan*] for immediate briefing and oral argument . . . [such that] a full and complete resolution by the highest court in the land of the claims underlying [Petitioner's] Second Amended Petition . . . [was] on the horizon."  *Id.* at 44.

Thereafter, Congress enacted the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 118 Stat 2680 (2005) ("DTA"), which amended the federal habeas statute, 28 U.S.C. § 2241, to

4

preclude the federal district courts from exercising jurisdiction over Guantanamo Bay detainees' claims – whether habeas actions or "any other action . . . relating to any aspect" of their detention. DTA § 1005(e)(1); *see also Boumediene*, 476 F.3d at 985. The DTA also provided for exclusive judicial review of CSRT determinations and military commission decisions in the D.C. Circuit. DTA § 1005(e)(2), (e)(3); *Boumediene*, 476 F.3d at 985. On June 29, 2006, the Supreme Court issued its opinion in *Hamdan*, --- US ---, 129 S. Ct. 2749, 165 L. Ed. 2d (2006), in which it invalidated the military commission system in existence at the time because it lacked congressional authorization, 129 S. Ct. at 2772-75, and held that the DTA did not strip federal courts of jurisdiction over habeas cases pending at the time of the DTA's enactment, *id.* at 2769.

In response to *Hamdan*, Congress passed the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006) ("MCA"), which the President signed into law on October 17, 2006, and which again amended the federal habeas statute. *Boumediene*, 476 F.3d at 985. Section 7 of the MCA is entitled "Habeas Corpus Matters," subsection (a) of which reads:

> (1) No court, justice or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.
> (2) Except as provided in [section 1005(e)(2) and (e)(3) of the DTA], no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have properly been detained as an enemy combatant or is awaiting such determination.

MCA § 7(a). Furthermore, subsection (b) provides:

> The amendment made by subsection (a) shall take effect on the date of the enactment of this Act, and shall apply to all cases, without exception, pending on or after the date of the enactment of the Act, which relate to any aspect of the detention, transfer, treatment, trial or conditions of detention of an alien detained by the United States since September 11, 2001.

5

MCA § 7(b). In addition, section 3 of the MCA, which is entitled "Military Commissions," creates jurisdiction in the D.C. Circuit for review of military commission decisions, *Boumediene*, 476 F.3d 981 (citing 10 U.S.C. § 950g), and includes section 950j, which "strips federal courts of jurisdiction over any pending or future cases that would involve review of such decisions," *id.* Subsection 950j(b) provides:

> Except as otherwise provided in this chapter and notwithstanding any other provision of law (including section 2241 of title 28 or any other habeas corpus provision), no court, justice, or judge shall have jurisdiction to hear or consider any claim or cause of action whatsoever, including any action pending on or filed after the date of the enactment of the Military Commissions Act of 2006, relating to the prosecution, trial, or judgment of a military commission under this chapter, including challenges to the lawfulness of procedures of military commissions under this chapter.

10 U.S.C. § 950j(b). On January 18, 2007, the Secretary of Defense submitted to Congress a Manual for Military Commissions to govern military commission proceedings. Pet.'s Mot. to Enjoin at 6; Resp'ts' Opp'n at 7.

On February 20, 2007, the D.C. Circuit issued its ruling in *Boumediene*, holding that, pursuant to section 7 of the MCA, federal courts have no jurisdiction over petitions for writs of habeas corpus filed by aliens captured abroad and detained as enemy combatants at Guantanamo Bay, that the jurisdiction-limiting provision of section 7 of the MCA does not violate the United States Constitution, and that aliens captured abroad and detained as enemy combatants at Guantanamo Bay have no constitutional rights. *Boumediene*, 476 F.3d 981.[3] Significantly, the

---

[3] In addition, on remand from the Supreme Court, Judge Robertson granted the government's motion to dismiss in *Hamdan*, finding that the section 7 of the MCA was not a suspension of habeas corpus within the meaning of the Suspension Clause of the United States Constitution, but that section 7 of the MCA had effectively eliminated Hamdan's statutory access to a writ habeas corpus and that, as an alien captured abroad and detained outside the United States, Hamdan had no constitutional entitlement to habeas corpus. *Hamdan v. Rumsfeld*, 464 F.

D.C. Circuit's opinion in *Boumediene* encompasses Petitioner's habeas challenge to his detention as an enemy combatant.  *See* Pet.'s Mot. to Enjoin at 8; Resp'ts' Opp'n at 11.

According to Petitioner, the "government dropped all three prior charges against" him. Pet.'s Mot. to Enjoin at 7.  On March 1, 2007, the Convening Authority referred for trial by military commission one of two new charges against Petitioner sworn by the Office of the Chief Prosecutor, Office of the Military Commissions – providing material support for terrorism, Pet.'s Mot. to Enjoin at 7, Ex. 1 (Charge Sheet); Resp'ts' Opp'n at 7.  Petitioner's arraignment before the military commission is currently scheduled for March 26, 2007.  Pet.'s Mot. to Enjoin at 3; Resp'ts' Opp'n at 7.  On March 12, 2007, Petitioner filed a Motion to Enjoin Military Commission Proceedings, asking that this Court enjoin the military commission proceedings against Petitioner in Guantanamo Bay "until there is a determination by this Court on [Petitioner's] habeas challenges to the jurisdiction of and procedures of the military commissions."  Pet.'s Mot. to Enjoin at 1.  Petitioner argues that his current situation parallels the circumstances that existed when this Court previously enjoined military commission proceedings against Petitioner pending the Supreme Court's ruling in *Hamdan* because, although *Boumediene* would bar Petitioner's claims, the Supreme Court is likely to grant *certiorari* and adopt an expedited briefing schedule in that case, under which it would be argued on May 7, 2007.  *Id.* at 1-2.  Respondents filed an Opposition to Petitioner's Motion to Enjoin Military Commission Proceedings on March 16, 2007, and Petitioner filed a Reply in Support of

---

Supp. 2d 9, 11-19.

Preliminary Injunction on March 19, 2007.[4]

### III: DISCUSSION

In *Boumediene*, the D.C. Circuit clearly held that Congress intended to deprive the federal district courts of jurisdiction over "all cases, without exception, pending on or after the date of the enactment of [the MCA] which relate to any aspect of the detention, transfer, treatment, trial or conditions of detention of an alien detained by the United States since September 11, 2001," and that Congress did so constitutionally via section 7 of the MCA. *Boumediene*, 476 F.2d 981; MCA §§ 7(a), 7(b).[5] As such, this Court lacks jurisdiction to review Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241. Moreover, section 3 of the MCA is explicit in providing that, notwithstanding 28 U.S.C. § 2241, "no court, justice, or judge shall have jurisdiction to hear or consider any claim or cause of action whatsoever, including any action pending on or filed after the date of the enactment of the [MCA], relating to the prosecution, trial, or judgment of a military commission . . . *including challenges to the lawfulness of procedures of military*

---

[4] In addition to filing his Motion to Enjoin, Petitioner filed a Motion to Expedite the briefing schedule on his Motion to Enjoin, in which he proposed that Respondents file their Opposition by March 16, 2007 and that he submit his Reply by March 21, 2007. Pet.'s Mot. to Expedite at 1-2. Respondents filed their Opposition on March 16, 2007, along with a Response to Petitioner's Motion to Expedite, in which they indicated that they did not object to filing their Opposition on that date, but that they believed that pursuant to Local Civil Rule 65.1(c), Petitioner was not entitled to file a Reply brief on a motion for emergency relief. Resp'ts' Resp. at 1. Respondents urged the Court to consider Petitioner's Motion to Enjoin without recourse to any Reply brief that Petitioner might file thereafter. *Id.* at 2. Local Civil Rule 65.1(c) does not provide for the filing of reply briefs on applications for a preliminary injunction; however, as Petitioner filed his Reply brief on March 19, 2007 and that Reply brief is currently before the Court, in the interest of justice, the Court will consider it in addressing Petitioner's Motion to Enjoin. Furthermore, the Court shall deny as moot Petitioner's Motion to Expedite.

[5] As Respondents note, although the mandate has not yet been issued in *Boumediene*, the D.C. Circuit's decision is binding on this Court. *See Ayuda, Inc. v. Thornburgh*, 929 F.2d 153, 154 (D.C. Cir. 1990) ("Once [an] opinion [is] released it [becomes] the law of this circuit.").

*commissions. . . ."* 10 U.S.C. § 950j(b) (emphasis added). Petitioner has proffered no reason, nor is the Court aware of any reason, why the D.C. Circuit's reasoning in *Boumediene* regarding Congress' intent and effect in enacting section 7 of the MCA should not apply with equal force to section 3 of the MCA. If anything, as the detainees themselves argued in *Boumediene*, the language of section 3 is clearer than that of section 7 in evidencing a congressional intent to remove federal court jurisdiction over pending cases relating to the prosecution, trial, or judgment of a military commission. *See Boumediene*, 476 F.3d at 987-88. Furthermore, to the extent that Petitioner argues that he has a constitutionally protected right to seek a writ of habeas corpus, *see* Pet.'s Mot. to Enjoin, *Boumediene* forecloses that argument by holding that Guantanamo Bay detainees – aliens without property or presence in this country – have no constitutional rights. *Boumediene*, 476 F.3d at 991-92.[6]

It is therefore apparent that this Court lacks jurisdiction to entertain Petitioner's Second Amended Petition including, specifically, his challenges to the lawfulness of the military commission procedures. As such, this Court certainly cannot, as it previously did pending the Supreme Court's decision in *Hamdan*, issue an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act provides: "The Supreme Court and all courts established by

---

[6] Petitioner also briefly asserts that "even if other detainees lacked a constitutionally protected right to habeas (which they do not), [Petitioner] has a right to habeas because in addition to his detention at Guantanamo Bay, he was first detained for a month on a U.S. naval vessel, which is indisputably U.S. sovereign territory." Pet.'s Mot. to Enjoin at 16 (citing *United States v. Rogers*, 50 U.S. 249, 260 (1893)). This issue is not fully developed by Petitioner nor addressed by Respondents. Nevertheless, the Court notes that, while "aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country," presence within the United States that is "lawful but involuntary [] is not the sort to indicate any substantial connection with our country." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271, 110 S. Ct. 1056, 108 L. Ed. 2d 222 (1990); *see also Hamdan*, 464 F. Supp. 2d at 18-19.

Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law," *id.* (emphasis added); however, this Court cannot act in aid of jurisdiction that it does not currently have.

Petitioner argues that the current circumstances are parallel to and that the "equities are exactly the same as those that existed last time this Court granted a preliminary injunction to enjoin the military commission proceedings." Pet.'s Reply at 1; Pet.'s Mot. to Enjoin at 1-2. Petitioner's argument is flawed, however, in at least three substantial respects.  First, when this Court previously enjoined the military commission proceedings pending the Supreme Court's decision in *Hamdan*, there was no statutory provision in place limiting this Court's review of Petitioner's claims.  Today, such a provision exists, and the D.C. Circuit has found that provision to be both effective and constitutional.  Second, as this Court stressed in granting the previous injunction, "the Supreme Court ha[d] already granted *certiorari* in [*Hamdan*]. . . [such that] a full and complete resolution by the highest court in the land of the claims underlying Petitioner's Second Amended Petition and his Motion for Partial Summary Judgment [was] on the immediate horizon."  *Hicks*, 397 F. Supp. 2d at 44.  In contrast, the issues that the Supreme Court would review if it were to grant *certiorari* in *Boumediene* are entirely distinct from Petitioner's challenges to the jurisdiction and procedures of the military commissions.

Finally, while Petitioner argues that "[w]hen this Court acted the first time, it did so despite a D.C. Circuit decision that it viewed as severely limiting [Petitioner's] likelihood of success on the merits," Pet.'s Mot. to Enjoin at 2, that description obscures the significant difference between the D.C. Circuit's rulings in *Hamdan* and *Boumediene*.  As this Court described it in granting the previous preliminary injunction, the D.C. Circuit's opinion in

*Hamdan* held that the military commission process did not violate the separation of powers doctrine because it was backed by sufficient congressional authorization and that the Geneva Convention did not confer upon Hamdan a federal right to enforce its provisions. *Hicks*, 397 F. Supp. 2d at 39 (citing *Hamdan*, 415 F.3d 33).  Recognizing that "automatic application of the [D.C. Circuit's] holding in *Hamdan* to this case virtually eliminate[d] Petitioner's 'likelihood of success on the merits,'" this Court nevertheless concluded that an injunction was warranted because "a petitioner is not required to prevail on each of the four factors relevant when confronted with a request for injunctive relief." *Id.* at 44 (citing *Washington Metro Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).  Here, however, *Boumediene* does not simply "severely limit[] Petitioner's likelihood of success on the merits," Pet.'s Mot. to Enjoin at 2.  Rather, *Boumediene* holds that this Court lacks jurisdiction to even consider Petitioner's claims, such that this Court is precluded from even engaging in a balancing of the factors that would be considered on a motion for a preliminary injunction.  The Court therefore must deny Petitioner's Motion to Enjoin.

### IV: CONCLUSION

For the reasons set forth above, the Court shall DENY Petitioner's Motion to Enjoin Military Commission Proceedings.  An appropriate Order accompanies this Memorandum Opinion.

Date:   March 23, 2007

                                                            /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge